# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| Debtor (s): Julian Flores<br><br>Property : 1410 S 282nd Pl<br>           Federal Way WA 98003 | Chapter :13<br>Case No.: 11-20512<br>Amount Claimed: $346,961.57<br>Arrearage: $28,994.40<br>Trustee: K Michael Fitzgerald<br>Claim No.: 2-1 |
|---|---|

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (2), WAIVER OF OPPORTUNITY TO OBJECT, AND REQUEST FOR NOTICE PURSUANT TO FRBP 2002

OCWEN LOAN SERVICING, LLC (hereafter Assignee") hereby provides notice of the unconditional sale and transfer of all right, title, and interest in and to the Claims (as such defined in the attached Assignment or Power of Attorney by and between the Seller /Transferor (hereafter Assignor) including the Claim referenced above (the "Bankruptcy Claim").

Pursuant to Bankruptcy Rule 3001 (e) (2) and the foregoing assignment, the Assignee hereby requests that it be substituted for the Assignor as the record holder of the Bankruptcy Claim for all purposes in these proceedings. As is set forth in the attached assignment, the Assignor concurs with the request, and is aware of the transfer, and declines its opportunity to object under FRBP 3001 (e) (2). Accordingly, the Assignee requests that the transfer of the Bankruptcy Claim be made immediately upon the docketing of the Joint Notice of Transfer of Claim.

Assignee further requests that it be added to the mailing matrix in the above case pursuant to Bankruptcy Rule 2002, so as to receive copies of all notices and pleadings sent to creditors or other parties in interest.

The original Proof of Claim may have been filed by the Assignor under its name or the name of any of the following acquired institution(s): **Saxon.**

| **Prior Account number# *****6043**<br>**Dated: 09/01/2011** | **Ocwen Account #**** 2233**<br>**Dated: 09/01/2011** |
|---|---|
| **SELLER/TRANSFEROR/ASSIGNOR:** | **PURCHASER/ASSIGNEE/TRANSFEREE:** |
| Wells Fargo Bank, National Association, as Trustee<br>Saxon Mortgage Services, Inc<br>4700 Mercantile Drive<br>Fort Worth, Texas 76137 | Wells Fargo Bank, National Association<br>C/O Ocwen Loan Servicing, LLC<br>Attn: Cashiering Department<br>P.O. Box 24781<br>West Palm Beach, FL 33416-4781<br>BK FAX NO# 407-737-5634 |

Dated: 9/10/12

/s/Natalee Downer
Contract Management Coordinator

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# LIMITED POWER OF ATTORNEY

2547

1. Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee (the "Trustee") of those certain trusts set forth on the attached **Exhibit A** (each, a "Trust," and collectively, the "Trusts") under the respective Pooling and Servicing Agreements and/or Indentures and any related governing transactional and servicing agreement(s) (collectively, the "Agreements") hereby constitutes and appoints:

## OCWEN LOAN SERVICING, LLC

solely in its capacity as the Servicer under the Agreements, and as successor by interest to Saxon Mortgage Services Inc, as its true and lawful attorney-in-fact, acting by and through its authorized officers, with full authority and power to execute and deliver on behalf of the Trustee any and all of the following instruments to the extent consistent with the terms and conditions of the Agreements:

(i) all documents with respect to residential mortgage loans serviced for the Trust by the Servicer which are customarily and reasonably necessary and appropriate for the satisfaction, cancellation, or partial or full release of any mortgages, deeds of trust, or deeds to secure debt upon payment and discharge of all sums secured thereby;

(ii) all documents and instruments necessary to conduct any (a) foreclosure, or (b) the taking of any deed in lieu of foreclosure, or (c) any judicial or non-judicial foreclosure or termination, cancellation, or rescission of any such foreclosure, or (d) any similar procedure (collectively, as applicable, a "Foreclosure");

(iii) instruments appointing one or more substitute trustees or special purpose entities ("SPEs") to act in place of the corresponding entity named in any deed of trust;

(iv) affidavits of debt, notice of default, declaration of default, notices of foreclosure, and all such contracts, agreements, deeds, and instruments as are appropriate to (a) maintain any real property acquired through Foreclosure, or (b) effect any sale, transfer, or disposition of real property acquired through Foreclosure;

(v) all documents and instruments necessary to effect any assignment of mortgage or assignment of deed of trust; and

(iv) all other comparable instruments.

2. This Limited Power of Attorney shall apply only to the foregoing enumerated transactions and shall be limited to the above-mentioned exercise of power. This instrument is to be construed and interpreted only as a limited power of attorney. The enumeration of specific items, rights, acts, or powers herein is not intended to, nor does it give rise to, and it should not be construed as, a general power of attorney.

3. Third parties without actual notice may rely upon the power granted to said attorney-in-fact under this Limited Power of Attorney and may assume that, upon the exercise of such power, all conditions precedent to such exercise of power have been satisfied and this Limited Power of Attorney has not been revoked. This Limited Power of Attorney shall supersede and replace any other limited power of attorney executed by the Trustee in connection with the Agreements in favor of the Servicer and any such other limited power of attorney shall be deemed revoked by this writing.

4. This Limited Power of Attorney is effective as of the date below and shall remain in full force and effect until (a) revoked in writing by the Trustee, or (b) as to any specific Trust, the termination, resignation or removal of the Trustee as trustee of such Trust, or (c) as to any specific Trust, the

termination, resignation or removal of the Servicer as a servicer of such Trust, or (d) as to any specific Trust, the termination of the Agreement related to such Trust, whichever occurs earlier.

5. Nothing contained in this Limited Power of Attorney shall (i) limit in any manner any indemnification obligation provided by the Servicer to the Trustee or Trust under the Agreements or any document related thereto, or (ii) be construed to grant the Servicer the power to initiate or defend any suit, litigation, or proceeding in the name of the Trustee or Trust except as specifically provided for herein or under the Agreements.

Dated: May 3, 2012

Attest:

By: Cynthia C. Day
Its: Assistant Secretary

Wells Fargo Bank, National Association,
not in its individual or banking capacity, but
solely as Trustee on behalf of the Trust(s)

By: Barry Silvermetz
Its: Vice President

Unofficial Witnesses:

Matthew Shaw

Daniel Williamson

STATE OF MARYLAND
COUNTY OF HOWARD                    ss:

On the 3rd day of May 2012 before me, Kathleen A. Dean, a Notary in and for said State, personally appeared Barry Silvermetz, known to me to be Vice President of Wells Fargo Bank, National Association, and also known to me to be the person who executed this Limited Power of Attorney on behalf of Wells Fargo Bank, N.A., as Trustee, and acknowledged to me that Wells Fargo Bank, N.A., as Trustee, executed this Limited Power of Attorney.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my office seal the day and year written above,

Notary Public: Kathleen A. Dean
My commission expires 2-6-2013

## EXHIBIT A

1. ABCF 2005-HE2 Trust, ABCF Asset-Backed Certificates, Series 2005-HE2
2. First Franklin Mortgage Loan Trust 2004-FFH2, Asset-Backed Certificates, Series 2004-FFH2
3. First Franklin Mortgage Loan Trust 2004-FF5, Asset-Backed Certificates, Series 2004-FF5
4. First Franklin Mortgage Loan Trust 2004-FF3, Asset-Backed Certificates, Series 2004-FF3
5. Securitized Asset Backed Receivables LLC Trust 2005-FR1, Mortgage Pass-Through Certificates, Series 2005-FR1
6. Securitized Asset Backed Receivables LLC Trust 2005-FR2, Mortgage Pass-Through Certificates, Series 2005-FR2
7. Soundview Home Equity Loan Trust 2001-1, Soundview Home Equity Loan Asset-Backed Certificates, Series 2001-1
8. Morgan Stanley ABS Capital I Inc. Trust 2007-HE4, Mortgage Pass-Through Certificates, Series 2007-HE4
9. ACE Securities Corp. Home Equity Loan Trust, Series 2001-HE1, Asset Backed Pass-Through Certificates, Series 2001-HE1